1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VICTORIA LEAH REYES,                        No.  2:14-cv-00805 TLN AC PS

12                  Plaintiff,

13         v.                                     ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14   RADCLIFF,

15                  Defendant.

16

17         This action was referred to the undersigned pursuant to Local Rule 302(c)(21).  On

18   August 25, 2014 defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure

19   12(b)(6).  ECF No. 6.  On September 24, 2014, the court issued an order continuing the hearing

20   on defendant's motion to dismiss due to plaintiff's failure to timely file an opposition.  ECF No.

21   8.  Plaintiff was provided until October 15, 2014 to file an opposition.  Id.

22         Local Rule 230(c) provides that opposition to the granting of a motion must be filed

23   fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will

24   be entitled to be heard in opposition to a motion at oral arguments if written opposition to the

25   motion has not been timely filed by that party."  Plaintiff has not filed an opposition to

26   defendants' motion to dismiss.  Plaintiff's failure to oppose should therefore be deemed a waiver

27   of opposition to the granting of the motion.

28   ////

                                                  1

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260–61 (quoting Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal. Plaintiff initiated this action on March 31, 2014. However, plaintiff's failure to comply with the Local Rules and the Court's September 24, 2014 order, despite clear warnings of the consequences for such failures, strongly suggest plaintiff has abandoned this action or is not interested in seriously prosecuting it. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The fifth factor also favors dismissal. The Court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The Court finds no suitable alternative to dismissal of this action. See Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citing Malone, 833 F.2d at 132–33)).

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose

2

1   the motion does not put defendant at any disadvantage in this action.  See Ferdik, 963 F.2d at

2   1262.  Indeed, defendant would only be "disadvantaged" by a decision by the court to continue an

3   action plaintiff has abandoned.

4        The fourth factor, public policy favoring disposition of cases on their merits, weighs

5   against dismissal of this action as a sanction.  However, for the reasons set forth above, the first,

6   second, and fifth factors strongly support dismissal and the third factor does not mitigate against

7   it.  Dismissal is proper "where at least four factors support dismissal or where at least three

8   factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.

9   1998) (citations and quotation marks omitted).  Under the circumstances of this case, those

10  factors outweigh the general public policy favoring disposition of cases on their merits.  See

11  Ferdik, 963 F.2d at 1263.

12       Accordingly, IT IS HEREBY ORDERED that the hearing on defendants' motion to

13  dismiss, set for October 29, 2014, is vacated; and

14       IT IS HEREBY RECOMMENDED that:

15       1.  Defendant's August 25, 2014 motion to dismiss be granted; and

16       2.  This action be dismissed.

17       These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22  objections shall be filed and served within fourteen days after service of the objections.   The

23  parties are advised that failure to file objections within the specified time may waive the right to

24  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  DATED:  October 21, 2014

26

27  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

28

3